**Basam Louis MOUSA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74078.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 13, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

William J. Hatcher, Esq., El Cajon, CA, for Petitioner.

District Director, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Josh Braunstein, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, J. Scott Watson, Esq., Federal Deposit Insurance Corporation Legal Division/Appellate Unit, Arlington, VA, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Basam Louis Mousa, a native and citizen of Iraq, petitions for review of the Board of Immigration Appeals' decision that adopted and affirmed the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

Substantial evidence supports the IJ's finding that the harassment, discrimination, and threats Mousa endured did not rise to the level of past persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153–54 (9th Cir.2005) (death threats, harassment, property damage and

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

seizure, and being chased by government officials did not rise to the level of persecution). Moreover, substantial evidence supports the IJ's finding that Mousa failed to demonstrate a well-founded fear of future persecution because Mousa did not offer any probative evidence that it would be unreasonable, under all of the circumstances, for him to relocate internally. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1069–71 (9th Cir.2003).

■ Because Mousa failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

■ Mousa waived his CAT claim by failing to brief the issue before this Court. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

**PETITION FOR REVIEW IS DE-NIED.**